# SCHOOL DIRECTORS *et al.*

*v.*

# TRUSTEES OF SCHOOLS *et al.*

1. SCHOOL LAW—*districting township.* The trustees of schools have power, under the school law, to district, and it is made their duty to district their township into proper divisions to suit the wishes and convenience of a majority of the inhabitants thereof, for school purposes. In this, they are vested with a large discretion, and courts will not attempt to control its exercise, except in a palpable case where a plain violation of law is manifested; and if they err in their action, and no fraud, gross injustice, oppression or corruption is shown, the courts will not interfere.

2. And where it may be that the trustees were vacillating, and lacked firmness, and made frivolous excuses for failing to rescind their order in making the districts, and violated promises not to re-district, and their action may not have shown the highest wisdom, it will not be inferred from such facts that they were actuated by fraud or corrupt motives.

3. INJUNCTION—*damages on dissolution.* Where the court, on the dissolution of an injunction, in the assessment of damages, did not allow more than one-half of the amount which the witnesses swore the attorneys' services were worth, which appeared to have been a reasonable fee, and the proof showed that the attorney appeared in open court, and argued the motion to dissolve the injunction: *Held,* that the proof sustained the finding as to damages, as a retainer of the attorney might be inferred from the facts.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. CHARLES J. BEATTIE, for the appellants.

Mr. L. E. PAYSON, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in chancery, filed by appellants, in the Livingston circuit court, against the school trustees of township 28 north, of range 8 east, and the township treasurer, to restrain him from paying money collected from lands in certain sections to certain districts named in the bill, and to set aside the action of the trustees in re-districting the township. It appears that in 1869, the school trustees, under the statute, divided the township into nine school districts. But afterwards, at their regular annual meeting in 1870, they re-districted the township into seven districts, thus virtually abolishing two and annexing the territory composing them to other districts. But it is urged that this last division of the town was not according to the wishes, and did not suit the convenience of a majority of the inhabitants of the township.

The trustees have power under the school law to district, and it is made their duty to district their townships into proper divisions to suit the wishes and convenience of a majority of the inhabitants thereof, for school purposes. And, as was said in the case of the *School Inspectors* v. *The People ex rel.* 20 Ill. 551, the trustees, or those having the power to form school districts, are vested with a large discretion in the performance of these important duties, and courts will not attempt to control its exercise except in a palpable case, where a plain violation of law is manifested. Again, in the case of *Metz* v. *Anderson*, 23 Ill. 463, the court said: "The record shows that this consolidation of districts, which is no more than a change of the districts, was at the regular October meeting, held for the purpose of equalizing certain districts. The alterations and change are, and must be, peculiarly within the control of the board, and if they err in their action, no fraud or corruption being charged, this court can not interfere. No palpable case is made out—no gross injustice, oppression or corruption is shown."

These decisions settle the question of the power of the board to exercise its discretion in such cases without the interference of the courts, unless fraud, corruption, oppression or gross injustice is palpably shown. The bill in this case contains in general terms the necessary charges, but they are denied by the answer. And we have no hesitation in saying that the evidence on the hearing failed to sustain the charge of fraud set up in the bill. It may show that the trustees were vacillating and lacked firmness, but we fail to see fraud and corruption, as charged. They may have made frivolous excuses for failing to rescind their order in making the districts, and they may have violated promises made not to re-district, but we see nothing indicating collusion or any fraudulent purpose or action on the part of either Tuttle or the trustees. He presented his petition at a regular meeting, when the law gives the inhabitants notice that the districts may be changed, and they granted the prayer of the petition, and re-districted the township.

In this action they may not have been prompted by the highest wisdom, but we see no evidence of fraud and corruption. If in all such cases it be held that the trustees are actuated by fraud or corrupt motives, because they have failed, in forming school districts, to make them of the most convenient and suitable size or form, or have not suited the wishes of the people to the greatest extent that might be done, and because some citizen of the town may have asked, or even urged their action, then we fear few districts would stand the test. We think it may be inferred from the evidence that a portion of the people are not as well suited as before, and some of the witnesses swear that the majority of the people of the town are opposed to the present districts, still no such injustice or oppression appears as to warrant the inference of fraud in their formation.

No reasonable effort seems to have been made to induce the trustees to reverse their action. If a proper petition had been presented, which clearly manifested that the majority desired

the old districts restored, we presume it would have been done by the trustees.

We are also urged to reverse the decree because it is not sustained in allowing damages for wrongfully suing out the injunction. From the evidence we can see that the court below did not allow more than half of the amount which the witnesses swore the attorneys' services were worth; and we think the fee was reasonable. It is urged that there is no retainer proved. This is not like the case of *De Wolf* v. *Strader*, 26 Ill. 230, to which reference is made. In that case the attorney merely drew a deed, as requested, but was not even consulted in reference to the case. But here, the proof was that the attorney appeared in open court, and argued the motion to dissolve the injunction. From this a retainer might be inferred, and it would have to be rebutted before the presumption would be overcome.

The decree of the court below must be affirmed.

*Decree affirmed.*