GEORGE S. POPPERS

v.

MARY J. MEAGER.

*Landlord and Tenant—Distress for Rent—Act of May 1, 1873, Sec. 20 —Secs. 42 and 53, Starr & C. Ill. Stat.—Costs—Secs. 25 and 26, Act of 1874—Agency—Ratification.*

1. Upon a contention as to whether a landlord, in a proceeding on a distress warrant wherein the property seized had been released on a forthcoming bond, was entitled to recover the expense of the custody of the goods

levied upon before they were so released, this court holds that the same method of defraying expenses of this character should be pursued in cases of distress, as in attachment; that the jury are not authorized to tax such costs, but that such allowances should be ascertained by the court; and that no injury has been done the defendant by reason of the finding of the jury upon this point, the same having been accepted by the court as reasonable and proper.

2.    Without a judgment in his favor the plaintiff is not entitled to costs; if a cause of action is extinguished *pendente lite*, a right to a recovery, and with it the title to costs, is gone.

3.    Proof of agency is not necessary in case of the bringing of suit by an alleged agent in behalf of his principal, when the latter adopts such act by prosecuting the same.

[Opinion filed April 17, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. THOMAS SHIRLEY, for appellant.

Mr. L. H. BOUTELL, for appellee.

GARY, J.    April 6, 1887, there was filed in the Superior Court a distress warrant, purporting to be by the appellee against the appellant, by Baird & Bradley, agents.    Goods of the appellant had been levied upon, under this warrant, May 3, 1887, the appellant pleading *nil debet*, and the case was afterward tried on that issue by a jury.    In the meantime the rent, for which the warrant issued, had been paid, in compliance with a decree of the Circuit Court in a chancery suit, by the appellant against the appellee, to enforce the specific performance of an agreement for a renewal, for a further term, of the lease under which the rent distrained for had accrued.

On the trial a witness was permitted to state, against the exception of the appellant, that Baird & Bradley were the agents of the appellee, although, as the witness said, the appointment was in writing.    No proof of the agency was necessary. The only issue for the jury to try was as to the indebtedness,

and the prosecution of the suit by the appellee was such an adoption of the act of the supposed agents as would have made any proof of the agency superfluous, if any question could have been made about it. Connett v. Chicago, 114 Ill. 232.

The expense of the custody of the goods levied upon, before they were released by a bond, was proved on the trial to have been $15, and for that sum the jury rendered a verdict in favor of the appellee, and the judgment from which this appeal is taken was entered upon that verdict. This allowance of expenses is assigned as error. Under Sec. 20 of the act of May 1, 1873, relating to landlord and tenant, the proceedings upon distress warrants are to be " in the same manner as in case of attachment." Under the statutes now in force as to fees, " constables shall be allowed reasonable charges to be fixed by the justice, for removing and taking care of property levied upon by them" and "for taking possession of or removing property levied on, the sheriff shall be allowed to tax the necessary actual costs of such possessions or removal." Secs. 42 and 53, Chap. 53, Starr & C. Ill. Stats.

In proceedings by attachment such expenses are part of the costs (Olds v. Loomis, 10 Ill. App. 498), and in cases of distress, the same duties which devolve upon sheriffs and constables in attachment in levying upon and taking care of the property, are to be performed by the bailiff executing the warrant. The fair construction of the statute is that the same method of defraying expenses shall be pursued in cases of distress as in attachment. The jury, therefore, had nothing to do with the question, as the taxation of ordinary costs is the function, primarily, of the clerk. Sec. 25, Act 1874, Costs subject to retaxation by the court, Sec. 26. But the amount of allowances of this character is to be ascertained by the court. Olds v. Loomis, 10 Ill. App. 498.

The appellant is not injured by mode adopted, as the court, in a proper case, must have allowed the expenses which it has, by adopting the verdict, found to be proper charges. But such allowances being costs, the party is not entitled to recover them, unless he is, by statute, entitled to costs. "No final

costs were recoverable by the plaintiff or defendant at common law." 2 Tidd's Pr. 945.

Without a judgment in his favor, for the thing sued for, debt, damages, chattels or land, the various statutes do not provide for any final costs to the plaintiff. If his cause of action is extinguished *pendente lite*, his right to a recovery, and with it his title to the costs, is gone. Sweetland v. Tuthill, 54 Ill. 215.

The judgment must be reversed, but as no further proceedings can be had in the cause, it is useless to remand it.

*Judgment reversed.*