FERDINAND SIEGEL ET AL.

V.

SETH F. HANCHETT, FOR USE, ETC.

*Replevin—Debt—Bond—Damages — Attorney's Fees — Evidence — Instructions.*

1. Solicitor's fees are within the condition in a replevin bond, providing for the payment of all costs and damages occasioned by wrongfully suing out the writ.

Siegel v. Hanchett.

2. The attendance of an attorney and his conduct of the trial raises the presumption of a retainer and liability to pay usual fees, and damages may be given for a liability to pay as well as for actual payment.

[Opinion filed December 2, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. ARBA N. WATERMAN, Judge, presiding.

Messrs. FLOWER, SMITH & MUSGRAVE, for appellants.

The case of Janes v. The People, 19 Ill. App. 300, was an action on a sheriff's bond. The plaintiff was permitted to prove, and the jury were instructed that they should allow to the plaintiff as damages the expenses incurred by her in the trial of the right of property, including attorney's fees, traveling and hotel expenses, and all costs, including the expense of printing briefs, etc., in the Appellate Court. The Appellate Court, by Wall, P. J., says: "In an action on a contract the successful party recovers only such costs as are taxable under the statute; he can not usually have an allowance for his loss of time and expense in prosecuting the demands or making the defense, as the case may be, and the expenses for services of attorneys stand upon the same ground as the other personal expenses of the party, not embraced in the list of taxable costs.

"Legal relief is at best imperfect; it is not usually designed to furnish complete and perfect indemnity, and it may well be doubted whether a sound public policy would be subserved if absolute indemnity were given, since thereby a great and even a dangerous stimulant would be furnished to litigation.

"A defendant should have the same hope of indemnity in this respect as the plaintiff. In certain exceptional cases the law provides for such indemnity by requiring bond and security, but we think it may be stated as a general rule that such items are not ordinarily allowable, even in actions in form *ex delicto*, unless there is an admixture of fraud, malice, or other such sinister motive as will furnish ground for vindictive or punitory damages.

"In the present instance the owner of the property might have replevied, and in that proceeding could have recovered damages for the detention of the goods, or she might have brought trover or trespass against the sheriff, but in neither of these actions could she have been allowed for counsel fees or personal expenses, without showing such a case as would warrant vindictive damages. The law will not sustain her in accomplishing such a result in the indirect way here attempted."

In the case of Pacific Insurance Co. v. Conrad, 1 Baldwin (C. C.), 138, the court used the following language:

"The rule which ought to govern juries in assessing damages for injuries to personal property depends much on the circumstances of the case. When a trespass is committed in a wanton, rude and aggravated manner, indicating malice, or a desire to injure, a jury ought to be liberal in compensating the party injured in all he has lost in property, in expenses for the assertion of his rights, in feeling or reputation; and even this may be exceeded by setting a public example to prevent a repetition of the act. In such cases there is no certain fixed standard ; for a jury may properly take into view, not only what is due to the party complaining, but to the public, by inflicting what are called in law speculative, exemplary or vindictive damages. But when an individual, acting in pursuance of what he conceives a just claim to property, proceeds by legal process to enforce it, and causes a levy to be made on what is claimed by another, without abusing or perverting its true object, there is and ought to be a very different rule, if, after a due course of legal investigation, his case is not well founded. This is what must necessarily happen in all judicial proceedings, fairly and properly conducted, which are instituted to try contested rights to property. The value of the property taken, with interest from the time of the taking down to the time of the trial, is generally considered as the extent of the damages sustained, and this is deemed legal compensation, which refers solely to the injury done to the property taken, and not to any collateral or consequential damages resulting to the owner by the trespass. These are taken into

consideration only in a case more or less aggravated. But where the party, taking the property of another by legal process, acts in the fair pursuit of his supposed legal right, the only reparation he is bound to make to the party who turns out ultimately to be injured, is to place him, as to the property, in the same situation in which he was before the trespass was committed. The costs of the action are the only penalty imposed by the law, which limits and regulates the items and amount. In the present case the defendant acted under the order of the Government in execution of his duties as a public officer; he made the levy, but committed no act beyond the strictest line of his duty, which placed him in a situation where he had no discretion. The result has been unfortunate for him; he has taken the property of the plaintiffs for the debt of Edward Thomson, and must make them compensation for the injury they have sustained thereby, but no further."

These cases, we think, indicate the proper rule, and are well supported by the authorities. See Davis v. Crow, 7 Blackf. 129; Kenly v. Commonwealth, 6 B. Mon. 583; Blackwell v. Acton, 38 Ind. 426; Park v. McDaniels, 27 Vermont, 594; 2 Sutherland on Damages, p. 50.

Mr. Allan C. Story, for appellee.

Gary, P. J. This is an action of debt on a replevin bond. The question in it arises upon an instruction to the jury, that in assessing damages they should, *inter alia*, award "the usual and customary charges for attorney's fees, in trying and conducting said replevin suit." The replevin suit had been disposed of on the merits upon the second trial. The fees paid for the first trial were proved.

The "usual and customary" fees for the second trial were proved, but no proof was offered of any retainer of the attorney who conducted the defense on that trial, or that anything had been, or was agreed to be, paid to him for it. The condition of the bond contained the statutory clause to pay all costs and damages occasioned by wrongfully suing out the writ.

The appellant's object that the condition does not cover attorney's fees for services in defeating the replevin suit, and that without proof of payment, or agreement to pay the fees, they should not be allowed, even if covered by the condition. The first question is not an open one in this court. It was made in Horner v. Boyden, 27 Ill. App. 573, and considered by the court, but other questions fixed the attention of the writer of that opinion, to the extent that he inadvertently omitted to mention that point, which had even then been settled here, by the unreported case of Burnstein v. Matson, in 1883.

Under statutory language as to assessing damages on the dissolution of an injunction, similar in form, and in effect the same as the language of this condition, the cases in this State are numerous that solicitor's fees are allowable. Ryan v. Anderson, 25 Ill. 372 has, as to this point, never been departed from. Misner v. Bullard, 43 Ill. 470.

As to the other questions, the undisputed fact that the attorney attended and conducted a trial for three days, and afterward appeared and resisted the motion for a new trial, raises the presumption of a retainer and liability to pay usual fees, and that the fees allowed were usual was not contested.

Damages may be given for a liability to pay, as well as for actual payment. Directors v. Trustees, 66 Ill. 247; Richardson v. Chasen, 10 Ad. & El. N. S. 756.

There is no error and the judgment is affirmed.

*Judgment affirmed.*