## MICHAEL C. HAYES
### v.
## CHICAGO & N. W. SAND & GRAVEL CO.

*Injunctions—Damages on Dissolution—Solicitor's Fees—Unnecessary Services.*

Where a temporary injunction is granted restraining defendant from doing something which he never intended to do, and the defendant instead of answering, obtains a dismissal of the bill after the facts have been ascertained by means of affidavits involving a great deal of superfluous labor, the defendant is not entitled to recover as damages the expense of all the services rendered by his attorneys in the case.

[Opinion filed June 2, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. C. B. EYER and K. R. SMOOT, for appellant.

Mr. S. M. MEEK, for appellee.

GARY, P. J.  The appellant, apparently without making much investigation, filed a bill against the appellees, and obtained an injunction to restrain them from doing what they never intended to do.  No answer to the bill was filed, but the facts were ascertained by affidavits, without objection by the appellant to the mode of proceeding, and the bill dismissed. In this there was no error to the injury of the appellant, and no cause for a reversal.  Indeed, there is now no claim that the appellant had any cause to file the bill.

The court awarded $106.75 as damages on the dissolution of the injunction.

It is true that where the only object of a bill upon which a temporary injunction is obtained, is a perpetual injunction, all reasonable expenses in defending are properly allowed as damages, when the bill is defeated, whether that defeat is accomplished by motion to dissolve, plea in abatement, demurrer, or by hearing on answer and replication.  Joslyn v. Dickerson, 71 Ill. 25; Cummings v. Burleson, 78 Ill. 281;

Misner v. Bullard, 43 Ill. 470. And the rule applies even if the court had no jurisdiction to issue the injunction. Walton v. Develing, 61 Ill. 201. But the defendant may not capriciously enhance the damages by superfluous labor in his defense. Collins v. Sinclair, 51 Ill. 328.

It must have been apparent to the appellees when the contents of the bill of the appellant became known to them, that if it was filed in good faith, the appellant was acting under a mistake. It will not do, perhaps, to say that it may be presumed that he would have dismissed it upon being informed of his mistake, without contest; but a very short and simple answer, disclaiming all that the bill imputed to them, and stating all that they did claim, must have put an end to the case. Whether the amount of damages awarded would have been exorbitant in such case, is not now a question. The evidence was directed to the value of services actually rendered with nothing in the evidence or in the record from which any presumption of law can arise that the services were necessary to a proper defense. As shown, they would seem to have been, to a great extent, superfluous.

The decree dismissing the bill is affirmed, but that awarding damages is reversed.

But the appellant must recover his costs here, as the cause for an appeal was the erroneous award of damages. Moore v. People, 108 Ill. 484.

Affirmed in part and reversed in part, and remanded as to the part reversed.

*Affirmed in part and reversed in part and remanded.*