AMERICAN CUTLERY COMPANY

v.

FRANK JOSEPH ET AL.

*Assignments— Judgment Notes.*

The giving by a debtor of security and means of payment to a creditor or to separate creditors, severally, though all others are defeated, do not constitute an assignment for the benefit of creditors under the statute.

[Opinion filed March 19, 1892.]

APPEAL from the County Court of Cook County; the Hon. GEORGE W. BROWN, Judge, presiding.

Messrs. BYAM, WEINSCHENK & HIRSCHL, for appellant.

Messrs. MOSES & PAM, for appellees.

GARY, J. By petition to the County Court the appellant sought to have that court hold that twenty-three separate judgments, entered upon as many judgment notes, given by the appellees to their several creditors, and which judgments, as the petition alleges, the appellees caused to be entered, and caused executions thereon to issue, and to be levied, constituted a voluntary assignment for the benefit of their creditors. That court refused so to do, and now the appellant comes here and asks us to so hold.

In Farwell v. Nilsson, 35 Ill. App. 164, 135 Ill. 135, the law is held the other way; and in First National Bank v. North Wisconsin Lumber Co., 41 Ill. App. 383, all the prior cases are collected in order to show that security and means of payment to a creditor, or to separate creditors severally, though all others are defeated, do not constitute an assignment for the benefit of creditors under the statute. I once thought such security an evasion of the statute, to be reached by bill in equity, but have been taught better. Farwell v. Nilsson, 35 Ill. App. 164.

The decree dismissing the petition is affirmed.

*Decree affirmed.*