## Ella Fox et al. v. Oriel Cabinet Co.

1. EXECUTIONS—*Expenses of Officer Should be Approved by the Court —Rights of Third Parties.*—Although expenses of a sheriff having charge of an execution may have been treated by the parties in the execution as necessary expenses, and as such deducted from the amount made on the execution, yet before they can be lawfully allowed as damages in a proceeding against a third party, it should be made to appear that they have been ascertained and allowed by the court issuing the execution under which the property was seized.

2. INJUNCTIONS—*Solicitor's Fees on Dissolution of.*—The court holds that the appellant should have been allowed a proper amount for solicitor's fees for services rendered in procuring the dissolution of the injunction in this case.

**Suggestion of Damages,** from the wrongful suing of a writ of injunction. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed June 14, 1897.

MORAN, KRAUS & MAYER, attorneys for appellants.

GEORGE W. PLUMMER and WHARTON PLUMMER, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is an appeal from an order of the Superior Court disallowing each and every item of damages claimed by the appellant in a suggestion of damages filed upon the dissolution of an injunction in a certain chancery cause, wherein the appellee was complainant and the appellants were defendants, begun in September, 1892, and dismissing the suggestion of damages at the costs of appellants.

The bill was filed by the appellee, a simple contract creditor of the copartnership firm of Spiegel & Co., against the appellants, who were judgment creditors of said firm, the members of said firm and the sheriff of Cook county, attacking as fraudulent certain judgments confessed by said

firm in favor of appellants for about $95,000, and the levy of executions issued thereon, under which all the tangible assets and property of said firm had been seized by the sheriff, and were advertised for sale.

The bill charged numerous specific transactions and acts claimed to be fraudulent, and had for its object the restraining of the advertised sheriff's sale and the decreeing of such transactions as being in law a voluntary assignment by said firm, and for the administration of the estate of said firm in accordance with the voluntary assignment law of the State.

The sheriff's sale was advertised to take place on September 26, 1892. The bill was filed on September 24, and on the same day an *ex parte* injunction was ordered upon the recommendation of a master in chancery, and at once served; and later on the same day notice was given of a motion by appellants to dissolve the injunction, and such motion came on to be heard two or three days afterward and occupied two days in the hearing. The court took the matter under advisement, and announced his decision on October 7, dissolving the injunction. The suggestion of damages was thereupon filed, and was as follows:

"For counsel's fees, in procuring the dissolution of said injunctions, two thousand dollars.

For insurance, twenty-five dollars.

For coal, twenty-five dollars.

For custodian's fees, to wit, fifty dollars.

For rent, to wit, six hundred dollars.

For hire of clerks, etc., to wit, three hundred dollars.

For depreciation of the value of the goods, and damage done thereto, and loss of interest sustained, to wit, two thousand dollars."

No claim appears to be argued by the appellants for the last item, for depreciation, etc.

It was proved that the sheriff paid out $16.32 for insurance upon the stock of merchandise during the period of delay caused by the injunction; for coal, $12.10; for custodian's fees, $48; for rent, $586.66; for hire of clerk and help, $250.

But in disallowing such items the court committed no error.

Although they may have been treated by the parties in the execution as necessary expenses, and as such deducted by the sheriff from the amount made on the execution, yet before they could have been lawfully allowed as damages in this proceeding against a third party, it should have been made to appear that they had been "ascertained and allowed by the court out of which" issued the executions under which the property was seized. Ch. 53, Secs. 19 and 53, Fees and Salaries Act; Olds v. Loomis, 10 Ill. App. 498; Poppers v. Meager, 33 Ill. App. 20.

It might be that, although so ascertained, the appellee, not being a party to the executions, would not have been bound by the allowance, but there being no authority except the statute for such charges, it would seem that the statute ought to be complied with as furnishing a legal basis for the equitable assessment of damages provided for by Sec. 12 of the Injunction Act.

Compensation for the injury the enjoined party has suffered because of the injunction is all that should ever be allowed; and such compensation should not find its justification in the acquiescence by the enjoined party in the sheriff's charges, unsupported by a judicial determination by the court having control of the enjoined writ, of the justness and propriety of such charges.

The acquiescence and good nature of the parties to the executions, concerning the sheriff's charges, ought not to prevail over the method pointed out by the statute, where the interests of third parties are involved. We conclude, therefore, that an ascertainment and allowance by the court out of which the execution issued, of the necessity and propriety of any of the sheriff's charges, was a preliminary requirement to the allowance thereof, on the suggestion of damages sustained by the dissolution of the injunction.

Concerning the solicitor's fees for services rendered in procuring the dissolution of the injunction, we are satisfied the case made was a proper one for an allowance thereof to

a proper amount.   But whether for so much as was claimed or proved, is a matter that the court below should first determine.   The large charge for such services is predicated upon the importance of the case and the complexity of the law questions involved.

It would not seem that the law questions were either intricate or doubtful at the time the bill was filed.   Farwell v. Nilsson, 35 Ill. App. 164; same case, 133 Ill. 45; First Nat. Bk. v. N. Wis. Lumber Co., 41 Ill. App. 383; Am. Cutlery Co. v. Joseph, 44 Ill. App. 194; Farwell v. Cohen, 138 Ill. 216.

All of which cases, except that in 44 Ill. App., were decided before the bill was filed.

We refer to those cases, as well as to Hayes v. C. & N. W. S. & G. Co., 37 Ill. App. 19, on the subject of enhancing damages by superfluous labor on the motion to dissolve, in order that the court below may have its attention called to the then condition of the law involved on the motion, for the purpose of arriving at a correct determination, under the evidence, of the amount of services necessary in procuring the dissolution of the injunction, and the value of such services.   And for such purpose, as well as for a consideration of expenses and costs by the sheriff, if any were allowed by the court, out of which the executions issued, the decree is reversed and the cause remanded.

Mr. Justice Waterman.

The statute, Sec. 12, Chap. 69, provides that:  " In all cases where an injunction is dissolved by any court of chancery in this State, the court, after dissolving such injunction, and before finally disposing of the suit, upon the party claiming damages by reason of such injunction suggesting, in writing, the nature and amount thereof, shall hear evidence and assess such damages as the nature of the case may require and to equity appertain, to the party damnified by such injunction, and may award execution to collect the same."

As is said in Roberts v. Fahs, 36 Ill. 268 :  " The object

of assessing damages is to compensate the party enjoined for the injury he has suffered. If he is wrongfully enjoined from doing one thing which he has a right to do, he is none the less injured because he is at the same time rightfully enjoined from doing another thing which he has no right to do."

I am therefore of the opinion that the court should have allowed the sheriff all such reasonable cost and expense as he was put to by the injunction. He had to store, watch and protect the goods levied upon; he would, therefore, be obliged to pay for storage, custodians, and, as it was prudent and usual to insure, for insurance. The court ought to be careful to see that the sheriff's expenses are only such as are reasonable; that extravagant charges and unnecessary outlay is not allowed. I do not think it necessary in assessing damages upon the dissolution of an injunction restraining an execution sale, that the amount allowed the sheriff for expense shall have been first submitted to and approved by the court, out of which the execution issued.