## Plano Mfg. Co. and Lewis J. Hammond v. Charles E. Downey, Coroner, etc., for the use of, etc.

1.  MEASURE OF DAMAGES—*Actions on Replevin Bonds.*—In an action on a replevin bond, where the merits of the case have not been tried and the action is brought to recover for a failure to return a number of reapers and mowers, the measure of damages is the fair cash market value of the machines at the time and place of replevy and in the condition they then and there were, and this value is to be ascertained without regard to the guaranties of any manufacturing company, or agreements of other persons to set up such machines in working order, to supply broken parts, or other qualifications whatever.

Debt, on a replevin bond. Appeal from the Circuit Court of Will County; the Hon. JOHN SMALL, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed January 24, 1902.

C. W. BROWN, attorney for appellants; N. J. ALDRICH, of counsel.

J. L. O'DONNELL, attorney for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

June 8, 1896, the Plano Manufacturing Company, one of the appellants, replevied, under writ from Circuit Court of Will County, from John Francis, then sheriff of that county, the following described property :

Twenty six-foot Jones lever harvester and binder; three six and one-half foot light steel harvester and binder; twenty-one harvester trucks for Jones lever binder; twenty-one bundle carriers for Jones lever binder; three harvester trucks for light steel harvester and binder; two bundle carriers for light steel harvester and binder; four six-foot mowers; three five-foot mowers; one four-foot-five mower; three canvas covers, together with a large number of parts of machines. The trucks, bundle carriers, canvas covers, etc., were really a part of the harvesters, so it will simplify all these items to consider the replevied property as twenty-four harvesters and binders, eight mowers, and repair parts.

The sheriff had possession of these articles under an execution from the Circuit Court of Will county issued upon a judgment entered June 1, 1896, in favor of Kate Stevens, against the Joliet Strowbridge Co., also another of same date against the same defendant in favor of Love Brothers. Each of these executions was returned, by the sheriff, November 8, 1897, in no part satisfied, by order of the plaintiff's attorney, and filed in the office of the circuit clerk on the same day. There was no trial upon the merits of the original replevin suit, the same having been dismissed by the plaintiff at the September term, 1899, and writ of retorno issued and returned unexecuted. Thereupon suit was brought upon the replevin bond, appellant Hammond being the surety thereon. The declaration was in the usual form, and defendants thereto pleaded, first, *non est factum;* second, *nul tiel record;* third, setting up dismissal of original suit without trial upon the merits, and averring that the goods and chattels were the property of the Plano Manufacturing Company, and not of John Francis, sheriff of Will county, as charged in the declaration. Issue was joined on these pleas, a jury was waived, and the cause submitted to the court for trial, who found in favor of appellee in $2,400 debt, and $1,260 damages. Motion for new trial was duly made, overruled and judgment upon finding. On the hearing, it turned out there was, or could be, no question as to the ownership of twelve of the harvesters, and all, or nearly all, of the parts or repair pieces replevied. To these the Strowbridge Company had, nor claimed, any right or title. These twelve were all six-foot lever binders with trucks, bundle carriers, covers, etc.

This controversy, therefore, practically narrows to twelve other harvesters (nine of the six-foot lever and three of the six and one-half foot light steel), and eight mowers (four six-foot, three five-foot, and one four-foot-five) and certain parts used for repairs.

Appellee offered no evidence at all as to the value of the parts, save the testimony of John W. Bleasdale, who was asked to examine the list of parts of machines known as

repairs and embracing all the small items replevied. He placed the gross value at $50. He also testified when called by the defendants that they were the property of the Plano Company and known as commission repairs.

Upon the question of value, as to the machines replevied, the court, at the request of appellants, held the measure of such value to be the fair cash market value at the time and place replevied, and in the condition the machines then and there were.

The court at the request of appellants also held upon the question of damages that as' to the binders and mowers replevied, there can be no recovery for aught save their fair cash market value at the time and place of replevy, and in the condition such machines then and there were, as may appear from the evidence, and this value is to be ascertained without regard to the guaranties of the Plano Manufacturing Company or others, or agreements to set up said machines so as to be in working order, or to supply broken parts or other 'qualifications whatever, and if such values do not appear from the evidence, then as to any such machine or machines there can be no recovery save nominal damages. The holdings of the court state the law correctly

The proof by plaintiff's two witnesses in chief fixed the fair cash market value of the machines, and no witness disputed their testimony, and if their estimates had remained unaffected by cross-examination we should not disturb the judgment. But each of these witnesses explicitly stated on cross-examination that the price he had named was the price at which the machines sold to the farmers at retail, accompanied by the guaranty of the manufacturer to keep the machines in repair without cost to the buyer for either one or two years, and where it was understood the seller was to furnish a man to start the machine and see that it worked, and where the seller was to take back the machine if it did not work satisfactorily and supply another in its place. Each witness for plaintiff on this subject testified on cross-examination he did not know what was the fair cash market value of these machines

unaccompanied by such conditions and guaranties. When these cross-examinations are considered, there is in the record no testimony upon which a computation can be made of the value of the machines. But for the replevy the sheriff would have sold these machines on execution. No guaranty or agreement of any kind would have gone with them. The levy on the machines did not extend to any guaranty which the manufacturer would have issued and performed if the machines had been sold at retail by agents of its own choosing.

For want of proof to sustain the assessment of damages the judgment is reversed and the cause remanded.