**William E. Gruber, Appellee, v. W B. Adams et al., Appellants.**

1. INSTRUCTIONS—*must not give undue prominence to particular evidence.* An instruction should not point out portions of the evidence or particular facts and circumstances and thereby give them undue prominence; by so doing an instruction is liable to mislead the jury.

2. INSTRUCTIONS—*when erroneous will not reverse.* An erroneous instruction will not require a reversal if the court can see from the facts that the judgment is just and proper and that no other verdict can be returned or rendered upon another trial of the cause.

Assumpsit. Appeal from the Circuit Court of Christian county; the Hon. A. M. ROSE, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed March 30, 1910.

FRANK P. DRENNAN, for appellants.

HOGAN & WALLACE, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This action was brought by appellee against appellant upon the common counts to recover for wages under a contract alleged to have been made with appellee by appellants, employing him as an electrician at Taylorville, Illinois. The trial resulted in a verdict for appellee for $400, upon which he entered a *remittitur* of $156.81 and thereupon a judgment was rendered

against appellants for $243.19. It is to reverse this judgment this appeal is prosecuted.

Appellee contends that he was employed by appellants as an electrician at a salary of $100 per month and that under such employment he performed services for the period of four months. Appellants do not deny the employment of appellee. They contend, however, that under the contract of employment, he was to commence work when notified by them, that he never was notified by them to commence work, but that he came to Taylorville on his own account without any request from them; that after so coming he was employed by appellant Adams, individually, and for the purpose of giving appellee employment until such a time as he should be directed to commence his employment with the Taylorville Utility Company. The evidence discloses that appellee commenced his work soon after reaching Taylorville and continued such work as an electrician during the time for which he brings this action. Appellant Adams was the secretary and treasurer of the Taylorville Utility Company.

There was no plea denying joint liability in this action, general issue being the only plea filed.

During the time of appellee's performing the services sought to be recovered for, he was furnished and provided money, from time to time, by appellant Adams and upon the trial of this cause it was insisted by appellants that these payments were individual payments of appellant Adams, and that appellant Adams was the person for whom appellee was then working. It is undoubtedly by reason of this contention that the full amount of appellee's claim, $400, was allowed him by the jury and by reason of these payments having been made to appellee, he entered a *remittitur* to the amount of those payments.

It appears from the record that appellant Adams upon learning that appellee was about to institute suit against appellants for the four months' services, im-

mediately brought suit against appellee before a justice of the peace for a balance claimed to be due him from appellee by reason of the moneys advanced to appellee, claiming that appellee had been working for him, Adams; that the work done and performed as an electrician having amounted to a certain sum and that his advancements to appellee exceeded that amount. Appellee failed to appear before the justice of the peace in this suit and appellant Adams recovered judgment against him for a balance of $36.73.

The services which appellant Adams claimed in that suit appellee had performed was for labor performed in wiring various houses in Taylorville, preparing them for the use of electric lights and which work was finally to be utilized by the appellant, Taylorville Utility Company.

The evidence in this case discloses that after appellee went to Taylorville he was directed to go to work by appellants and that he performed the services of wiring various houses in Taylorville, preparing them for the use of electricity which was to be supplied by the Taylorville Utility Co., and that he was sent upon various errands of business to Chicago and other places on behalf of appellants as an electrician.

That he performed services during the time for which he brings this action, there is no controversy, the only contention being as to whether he was working under his employment with appellants, at the salary of $100 per month agreed upon between them, or whether he was working for appellant Adams as claimed by appellants, without any agreement as to amount for his services, pending the time when he should be put to work upon his employment as electrician by the Taylorville Utility Co.

There is some criticism by the appellants to the rulings of the trial court upon the introduction of evidence, but we find no error in that regard in this record.

Whether or not appellee was working under the contract of employment with the Taylorville Utility Company, which contract is admitted by appellants, or whether he was working for appellant Adams as an individual, was a question of fact to be determined by the jury from all the evidence in the case and if there is evidence warranting the finding of the jury, then that finding should not be disturbed unless this court can say it is clearly against the manifest weight of the evidence.

The evidence in the record fully warrants the finding of the jury upon this question of fact and unless there is some error in the record which requires a reversal, the judgment should be affirmed.

Appellants criticise the instructions given on behalf of appellee and especially the fourth. All the instructions given, with the exception of the fourth, substantially state the law correctly; there was no error in the giving of the other instructions. The fourth instruction violates the rule of singling out certain evidence, thereby giving it undue prominence. An instruction should not point out portions of the evidence or particular facts or circumstances and thereby give them undue prominence; by doing so it is liable to mislead the jury. While this instruction is erroneous, we are unable to see any manner or in what way the jury could have been misled thereby and unless the giving of an erroneous instruction is such that the appellant has been injured thereby, it will not require a reversal of the cause, and if the court can see from the facts that the judgment is just and proper and that no other verdict can be returned or judgment rendered upon another trial of the cause, then the case should not be reversed, and upon examination of this record, this court holds that the giving of such instruction, although erroneous, did not prejudice the rights of appellants and that the judgment in this case is the only one that

could properly be rendered and upon retrial no other judgment could be properly rendered and it is, therefore, the duty of this court to affirm this judgment and it is, therefore, affirmed.

*Affirmed.*