## Anna C. Hendrix, Appellee, v. Louis Goldman et al., Appellants.

1. DRAM-SHOPS—*what evidence competent in action for loss of means of support.* Evidence of money borrowed and squandered is competent upon the question of damages in such an action.

2. INSTRUCTIONS—*when erroneous will not reverse.* If substantial justice has been done the giving of an erroneous instruction will not reverse unless it can be seen that the jury were misled by such instruction.

3. TRIAL—*when remarks of counsel will not reverse.* Side remarks of counsel if improper will not reverse if no prejudice appears to have resulted therefrom.

Appeal from the Circuit Court of Vermilion county; the Hon. W. B. SCHOLFIELD, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 14, 1911. *Certiorari* denied by Supreme Court (making opinion final).

CHARLES TROUP, T. B. COSGROVE, RUFUS M. POTTS, W. H. NELMS, CARL M. REISCH and ALFRED ADAMS, for appellants.

CLARK & HUTTON, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by plaintiff against defendants to recover for alleged injury to her support and property by reason of alleged wrongful sales of intoxicating liquors by defendant Goldman who was con-

ducting a dram-shop.   Defendant Bredehoft is made a party defendant under the statute, being the owner, or joint owner, of the premises in which Goldman conducted a dram-shop, for the purpose of establishing a lien upon his interest in the premises for whatever judgment might be recovered.    Trial below resulted in a judgment against both defendants for   $1,366, from which they prosecute this appeal.

The grounds urged for reversal are that the verdict is not supported by the evidence, that the court erred in the admission and rejection of evidence, and in the giving and refusing of instructions, that the damages are excessive, and also that improper remarks were made in the presence of the jury by counsel for the plaintiff.   As a ground for reversal as to defendant, Bredehoft, it is insisted that the declaration alleges that he owned the property when, as a fact, he was the owner of only the undivided one-half interest.

Upon the question of the sufficiency of the evidence to support the verdict, there can be no question as to the liability of the defendants if the evidence of the plaintiff alone is to be considered and without any contradictory evidence there could be no question of the sufficiency of the evidence to support the verdict. There is some contradictory evidence offered by defendants, and the determination of the weight of the evidence where it is contradictory and conflicting is a question for the jury, and we are satisfied that the evidence in this case is sufficient to sustain the verdict of the jury.

Objection is made to the admission of the evidence of Mrs. Coley, who was a sister of the husband of plaintiff.   The testimony given by her which was objected to related to money which Ray Hendrix received during the years 1907 and 1908, for a portion of which money this witness had signed notes with him, as surety.   Under the evidence in this record and the habit and characteristic of the plaintiff's husband to waste

and squander his money and that this money was also wasted and squandered, there was no error in the admission of this evidence, as it was properly admitted for the consideration of the jury for the purpose of determining the amount of damages plaintiff had sustained. It is insisted, however, that the transactions of borrowing this money were not in any way connected with the various times when the plaintiff's husband was intoxicated, but we do not deem this as essential as the evidence discloses that the money was not for any permanent benefit and was squandered and wasted by plaintiff's husband by reason of the condition in which he continued by reason of the unlawful sales of liquor to him by the defendant Goldman.

Upon the question of the giving and refusing of instructions, the first one of which serious complaint is made is designated as instruction No. 21. While this instruction is not accurate and instructions of almost the same language have been condemned by the Supreme Court, in view of all of the evidence in this case, together with the verdict of the jury, we cannot say that the jury in this instance has been in any manner misled by reason of the giving of this instruction, and where substantial justice has been done a reversal is not required by reason of an inaccurate instruction unless it can be seen that the jury was misled by the instruction. This instruction does not follow the exact language of those condemned by the Supreme Court; the condemned instructions enumerate certain matters and direct the jury that from those matters alone the question of preponderance should be determined. The instruction here criticized does not entirely eliminate the question of the number of witnesses but informs the jury that the question of preponderance is not alone to be determined from the number of witnesses and, in effect, includes the question of number as well as other matters designated.

Complaint is also made of remarks of counsel for the plaintiff in the presence of the jury. The remarks complained of were made by plaintiff's counsel after the opening argument when the defendants' counsel notified the court that they had elected not to argue the case. The court immediately sustained the objection to the remarks of counsel, but it is insisted that this did not cure the error if any error was made. The remarks were not made to the jury in an argument of the case but were side remarks made by plaintiff's counsel to defendants' counsel and were merely comments upon the attitude taken by defendants' counsel in declining to argue the case. While the remarks should not have been made and the objection was properly sustained by the court, we are unable to conceive how the defendants could have been injured by reason of the remarks complained of; the only injury that might possibly have resulted to defendants would have been upon the question of the amount of damages and from the record in this case, we are satisfied that the jury was not influenced by prejudice, passion or other improper considerations in arriving at their verdict. The evidence in the record fully sustains the amount of this verdict for actual damages, and while the jury, upon the record, would have been warranted in awarding exemplary damages and the evidence would have been sufficient to have sustained them, we cannot say upon this record that any such damages were awarded by the jury, and the judgment is not excessive.

Upon the contention that the judgment is erroneous as to Bredehoft, and, being erroneous as to him, cannot be sustained as to the other defendant for the reason that the declaration alleges the ownership of the property in defendant Bredehoft, the evidence only discloses that he is the owner of the undivided one-half and that the record does not disclose any positive evidence of the consent or that any witness testified

that he did consent to the sale of intoxicating liquors in this building by the defendant Goldman, the record does disclose that this building has been used for the purpose of conducting a saloon therein for three or four years, although the defendant Goldman has not conducted it during all of that time; defendant Bredehoft did know that the only business conducted in this room was that of a dram-shop and did know that intoxicating liquors were being sold there, that he had been in the building a number of times during the time in which Goldman was conducting his business, and with this evidence in the record, it was a question for the jury to determine whether he consented thereto and it was justified in finding that he did so consent.

There being no reversible error in this record, the judgment is affirmed.

*Affirmed.*