## John T. West et al., Plaintiffs' in Error, v. William Kenney, Defendant in Error.

1. SALES, § 20*—*when writing is essential.* Under Callaghan's 1916 Stat. page 1495, par. 10021(7), a contract for the sale of corn of the value of $500 was not enforceable in the absence of proof that the buyer received some of the corn, or paid something on the contract, or that some note or memorandum of the contract was signed by the party to be charged or his agent.

2. APPEAL AND ERROR, § 1422*—*when errors are harmless.* Where the reviewing court was possessed of the conviction that the verdict for defendant was absolutely right on the facts, it would not have been warranted in reversing the judgment even if errors in actions and rulings of the trial court and in refusing instructions and·in submitting a special interrogatory had been committed.

Error to the Circuit Court of Ford county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed October 27, 1920.

SCHNEIDER & SCHNEIDER, for plaintiffs in error.

CLOUD & THOMPSON, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

This suit was brought to recover damages for the failure of defendant in error to deliver to plaintiffs in error 2,500 bushels of corn which plaintiffs in error claim they purchased of defendant in error at 95 cents per bushel to be delivered within a reasonable time. The defendant filed his plea of the general issue and two special pleas by which he sets up the defense that the value of the corn sold was more than $500; that no part of the grain was ever delivered; that nothing was ever paid on the contract and that no memorandum in writing of the contract of sale was signed by defendant or his agents. Replications to these special·

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

pleas were filed in which it was averred that money was paid on the contract for the purchase of the corn in question.

The case was tried by a jury who found the issues in favor of the defendant, and judgment was entered against the plaintiff for costs and in bar of his action. The plaintiffs in the trial courts are plaintiffs in error here.

A careful consideration of all the evidence in the record fails to disclose any reason for holding that it does not amply support the verdict. On the contrary, we are satisfied from such consideration that the verdict was manifestly right. While no doubt exists that defendant in error contracted to sell the corn to plaintiffs in error as claimed by them, yet such contract is not enforceable in view of the amount involved without proof that the buyer received some of the corn so purchased or gave something in earnest to bind the contract or in part payment of the purchase price, or unless some note or memorandum of the contract was made and signed by the party to be charged or in his behalf. Callaghan's 1916 Stat. page 1495, par. 10021 (7). The evidence in this record will not warrant a finding that any of those conditions exist.

Several actions and rulings of the court in giving and refusing instructions, and in submitting a special interrogatory to the jury to be answered "yes" or "no" have been complained of, none of which we regard as having any merit. Even if errors had been committed by the court in the respects complained of, it would not warrant us in reversing this judgment in view of the conviction we are possessed of that the verdict is absolutely right on the facts. *Waggoner v. Wabash R. Co.,* 185 Ill. 154-162; *Chicago & E. I. R. Co. v. Kneirim,* 152 Ill. 458-467; *Hall v. Sroufe,* 52 Ill. 421; *Hendrix v. Goldman,* 163 Ill. App. 592; *Gruber v. Adams,* 155 Ill. App. 110; *Boys v. Bernhard Milling Co.,* 138 Ill. App. 88.

Finding no reversible error, the judgment of the circuit court is affirmed.

*Judgment affirmed.*