**H. A. Moore, Coroner, for use of C. C. Webb, Appellee,
v. Paul F. Beech Company and D. C. Dillingham,
Appellants.**

1. REPLEVIN—*when pleas in action on bond demurrable.* Special
pleas in an action on a replevin bond in which defendant sought to
have the merits of the replevin suit retried upon a question of the
validity of the judgment by confession, and upon the ownership of
the piano in question, were obnoxious to demurrer where they did
not show, by proper allegations, that the merits of the replevin suit
had not been tried.

2. REPLEVIN—*what not a return of property within terms of bond.*
The tender of a warehouse receipt which would enable plaintiff in
the action on the replevin bond in question to get the piano in
question at a warehouse 22 miles distant was not a return of it as
required by the terms of the bond.

3. REPLEVIN—*allowance of attorneys' fees in action on bond.* It
is proper to allow attorneys' fees as one of the elements of damage in
an action on a replevin bond, where a judgment has been rendered
in favor of the defendant in a replevin suit and the bond contains
a condition that the obligors shall pay all damages and cost arising
from the wrongful suing out of the writ.

4. REPLEVIN—*foundation for recovery of attorneys' fees in action*

*on bond.* Where a liability to pay attorneys' fees in the prior replevin suit was established in an action on a replevin bond, that was sufficient without showing actual payment.

5. REPLEVIN—*how value of property shown in action on bond.* The value of the piano in question at the time it was replevined was properly shown by offering in evidence the affidavit of replevin made at the time of beginning the replevin suit, in an action on the replevin bond as a basis for recovering the amount.

6. REPLEVIN—*right to contradict statement as to value in affidavit in, action on bond.* In an action on a replevin bond, defendant had no right to show that the piano in question was not worth the amount stated in the affidavit for replevin, but was bound by such statement.

7. APPEAL AND ERROR—*when erroneous instruction harmless.* Error in giving an instruction on the measure of damages in an action on a replevin bond was not reversible error, where plaintiff was entitled to recover and a verdict for a less amount would have been clearly wrong.

Appeal from the Circuit Court of De Witt county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed June 8, 1921.

LIVINGSTON & WHITMORE, for appellants.

HERRICK & HERRICK and W. F. GRAY, for appellee.

MR. JUSTICE WAGGONER delivered the opinion of the court.

The sheriff of DeWitt county, Illinois, by virtue of an execution issued on a judgment by confession in favor of C. C. Webb against Velma Webb and Welby Webb, levied upon an automatic electric piano as the property of the two last-named persons.

Appellant, Paul F. Beech Company, claiming to be the owner of the piano, brought an action of replevin against the sheriff to recover possession of it and gave to appellee, H. A. Moore, as coroner, the replevin bond upon which this suit was brought.

The replevin suit was tried on its merits in the circuit court where a judgment was rendered against appellant that was, on appeal, affirmed in this court. *Paul F. Beech Co. v. Forbes,* 207 Ill. App. 632.

The piano was not returned, after the termination of the replevin suit in which a writ of *retorno habendo* was awarded, and this suit was brought to recover the value of the piano, cost and attorneys' fees in the replevin suit in both the circuit and appellate courts and interest on the value of the piano from the time it was replevined.

At the conclusion of all the evidence the court refused to instruct the jury to find the issues for appellant but instructed in reference to the element of damages and to find the issues for appellee. The jury returned a verdict finding the issues for appellee, assessing his damages at $812 and judgment was rendered thereon.

In addition to a plea of general issue appellant filed four special pleas to each of which special pleas a demurrer was sustained.

Appellant, by the special pleas, sought to have the merits of the replevin suit retried upon a question of the validity of the judgment by confession, above mentioned, and upon the question of ownership of the piano. The pleas did not show, by proper allegations, that the merits of the replevin suit had not been tried and for that reason the demurrers thereto were properly sustained. *King v. Ramsay,* 13 Ill. 619, 622; Hurd's Rev. St. 1919, ch. 119, sec. 26, p. 2462 (J. & A. ¶ 9211); and *Cermak v. Guggenheim Laundry Machinery Co.,* 198 Ill. App. 202.

The evidence shows that the piano, in controversy, was taken on the replevin writ at Clinton, Illinois; that it was, by appellant, shipped to Bloomington, Illinois, twenty-two miles distant, and placed in a warehouse where it has been since March, 1916. After the jury were impaneled, for the trial of this case, one of the attorneys for appellant stated that: "We tender into court the warehouse receipt for the piano in question. * * * We tender the piano to the court and give the clerk the warehouse receipt. * * * We

offer to prove that the express charges are not over three dollars and this three dollars, together with the warehouse receipt, are again offered.'' An objection was made to the admission, in evidence, of the warehouse receipt and such objection was properly sustained by the court.

One of the conditions of the replevin bond was that Paul F. Beich Company should make return of said property, if return thereof was awarded. By the judgment of the circuit court, rendered in the replevin suit, a return of the piano was awarded and it devolved upon the company to return it to the custody of the person from whom it had been taken. To return, in a case of this kind, means to bring, or send back. A thing is returned when it is turned back to its appropriate place. A warehouse receipt that would enable appellee to get the piano at Bloomington was not a return of it as required by the terms of the bond.

It is proper to allow attorneys' fees, as one of the elements of damage in an action on a replevin bond, where a judgment has been rendered in favor of the defendant in a replevin suit and the bond contains a condition that the obligors therein named shall pay all damages and cost arising from wrongfully suing out said writ. *Siegel v. Hanchett,* 33 Ill. App. 634.

Two members of the bar of the DeWitt county court testified they were acquainted with the usual, customary and reasonable fees charged by attorneys at such bar for services of the kind and character rendered by the attorneys for appellee in the replevin suit, where the matter of such a fee was the subject of contract between attorneys and clients and that such a fee would be $300. The abstract does not show any objection interposed to the admissibility of this evidence. Appellant contends, in argument, that the evidence must show what the defendant, in the replevin suit, has paid or become liable to pay and that it is the usual and customary fee paid for such service.

The testimony of W. F. Gray, together with the other two members of the bar above referred to, show the facts contended for other than the payment of the fee and where a liability to pay is established that is sufficient without showing an actual payment. *Siegel v. Hanchett,* 33 Ill. App. 634.

It was proper for appellee to show the value of the piano at the time it was replevined as a basis for recovering the amount. (*Keaggy v. Hite,* 12 Ill. 99, and *Plano Mfg. Co. v. Downey,* 100 Ill. App. 36.) This was done by offering in evidence the affidavit of replevin made by Frank E. Sweeting, vice president of Paul F. Beich Company, at the time the replevin suit was instituted, in which he stated that the value of the piano was $500. Appellant had no right to prove that it was not worth the amount so stated in such affidavit but in an action on the replevin bond was bound by such statement. (*O'Donnell v. Colby,* 55 Ill. App. 112, 116, citing *Washington Ice Co. v. Webster,* 125 U. S. 426. The same is true in regard to a like statement, as to value, in the replevin bond. *Capital Lumbering Co. v. Learned,* 36 Ore. 544, 78 Am. St. Rep. 792, and cases cited.

The instruction given on the measure of damages was erroneous but under the law and the evidence, in this case, appellee was entitled to recover and a verdict for a less amount would have been clearly wrong.

The jury were not misled by reason of the giving of such instruction. Substantial justice has been done. A verdict for a less amount could not have been properly rendered if such an instruction had been absolutely right. Under these circumstances a judgment should not be reversed but should be affirmed. *Chicago & E. I. R. Co. v. Kneirim,* 152 Ill. 458; *Waggoner v. Wabash R. Co.,* 185 Ill. 154, 162; *Hendrix v. Goldman,* 163 Ill. App. 592, and *Gruber v. Adams,* 155 Ill. App. 110.

*Judgment affirmed.*