FRANCIS L. McGOVERN, D. S. *vs.* ASSAD MICHAEL *et al.*

JUNE 30, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of debt on a replevin bond. At the trial of the case in the superior court, before a justice thereof and a jury, when all the evidence was concluded, the plaintiff and the defendants moved that the court direct a verdict in their respective favor. The trial justice granted the motion made by the plaintiff and denied that made by the defendants. To this ruling the latter have prosecuted their bill of exceptions to this court.

The bond in question, which was in the penal sum of $3000, was given by the defendant Assad Michael, as prin-

cipal, and by the other defendants, as sureties, when the said Michael replevied from the present plaintiff a stock of dry-goods and certain fixtures which the latter, as a deputy sheriff of Providence county, had attached on April 25, 1930, as the property of one Peter Michael, in an action at law wherein Harry Jacobs was plaintiff and said Peter Michael was defendant. The writ of replevin, in connection with which the bond in suit was given, was dated April 26, 1930. This replevin action proceeded to trial in the superior court where a verdict was directed for the then defendant McGovern. This court thereafter sustained the action of the superior court, and on April 16, 1936, judgment was entered on the verdict as directed in favor of the defendant McGovern for the return and restoration of the goods replevied, ten cents damages and costs taxed at $5. *Michael* v. *McGovern,* 56 R. I. 133.

The replevin bond now sued on contains the following conditions: "Now if said Assad Michael shall prosecute said writ of replevin to final judgment, and pay such damages and costs as said Francis L. McGovern shall recover against him, and shall also return and restore the same goods and chattels, in like good order and condition as when taken, in case such shall be the final judgment on said writ; then this obligation shall be void, otherwise, shall remain and be in full force and effect."

The parties herein are in dispute as to whether or not the above conditions have been complied with by the defendant Assad Michael. There is no evidence in the transcript before us showing that he has paid or tendered to the present plaintiff the damages and costs recovered by the latter under the above-mentioned judgment against him. The position of Assad Michael on this matter apparently is that no such damages and costs were ever demanded of him, although this is denied by the deputy sheriff seeking the return and restoration of the goods and chattels. Regarding the conditions in a replevin bond, this court has

held that "The several requirements of the condition of a replevin bond are to be regarded as distinct and independent conditions, and a breach of either is a forfeiture of the bond." *Gardiner* v. *McDermott*, 12 R. I. 206, at page 208.

However, the chief point of contention between the parties relates to the alleged offer by the defendant Assad Michael to return to the plaintiff the goods and chattels in question. In this connection, the evidence before us shows that on April 18, 1936, one Mauro, a deputy sheriff, went to the said defendant's store with process and made a demand upon him for the return of the goods which had been taken under his writ of replevin. This sheriff testified, in substance, that the said Assad Michael apparently had difficulty in understanding what was wanted, that he stated he knew nothing about the goods and also made some reference to his brother. On the other hand, Assad Michael testified that he offered the deputy sheriff the key of a store at 27 Arthur (later Balbo) avenue in Providence, where the replevied goods allegedly had been kept since the attachment of April 25 and the replevin of April 26, 1930 had been made; that the deputy sheriff did not take the key, stating that he would return for it later, but that he did not come back that day.

The transcript then shows that on the morning of April 21, 1936, the defendant Assad Michael, with his attorney, went to the office of the sheriff of Providence county in the Providence county court house and consulted with the deputy sheriff in charge of that office. As a result of this conference, deputy sheriff Mauro, the defendant Assad Michael and several others met in the afternoon of that day in front of the store at 27 Balbo avenue. The evidence is somewhat conflicting as to what then took place. The deputy sheriff testified that, having received instructions from his superiors not to unlock the store door, he asked Assad Michael to do so in order that the contents of the store could be examined, but that the said defendant refused to unlock

the door, and threw the key at the officer. The defendant Assad Michael, however, gave evidence that he tendered the key to the deputy sheriff several times while they were in front of the store, but that the latter refused to take the key and finally went away in an automobile, and that the key dropped from the witness' hand to the ground by accident. He also testified that he refused to open the door because the sheriff was supposed to. Immediately following this incident the present case was instituted.

In *Pierce* v. *King,* 14 R. I. 611, this court, in discussing the nature and incidents of an action of replevin, used the following language at page 612: "The plaintiff assumes the burden of proving a right of possession in himself, and if he fail to establish such right there results from such failure the duty on his part to put the defendant in the same condition in which he was before the suit, by restoring the chattel, and thence results the corresponding right of the defendant to have such restoration."

It is undoubtedly correct, as the defendant Assad Michael contends, that actual manual redelivery of the goods replevied is not necessary in every case in order to comply with the conditions of the replevin bond, and this is especially true in cases where the goods are bulky or consist, as in the present instance, of a very large number of separate articles. However, if the goods are not actually returned to the party who has been successful in the replevin proceedings, then the other party, to satisfy the terms of his bond, must make an unconditional and good offer or tender to the former of the goods replevied, in order to have such offer or tender amount to a return and restoration. In *Richey* v. *Stanley,* 38 S. W. (2d) 1104, (Texas Civil App.) the court stated: "The rule of law applicable seems to be that 'a tender' requires not merely the readiness and ability to perform or pay but also the actual production of the thing to be delivered over and an offer of it to the persons to whom the tender is to be made." Whether or not an offer or ten-

der meets the requirements of the law in this connection, will ordinarily depend upon the facts and circumstances appearing in each individual case.

After a consideration of the record before us, and construing the evidence and all reasonable inferences therefrom most favorably to the defendants, we are of the opinion that the tender, by the defendant Assad Michael, of the key of the premises at 27 Balbo avenue did not, under the circumstances appearing herein, constitute a tender to the plaintiff of the goods and chattels which had been replevied. No satisfactory reason has been advanced by such defendant for his failure to unlock the door of said premises. If he had done so, the officer would have been able to enter and examine such goods and chattels as might be therein. It was not the duty of the officer, under the circumstances, to unlock the door in question. His authority to so act was not clear. He was not obliged to take the risk of opening premises he knew nothing about or in which other persons might have had possible rights. The offer or tender of the defendant Assad Michael was not complete and unconditional until he had unlocked the door. The officer was entitled to be shown the goods; he was not obliged to speculate as to the contents of a locked store.

Tenders of a somewhat similar nature to that attempted in the case at bar have been held to be ineffectual. In *Schleuning* v. *West*, 34 S. D. 356, the court stated, at page 360: "Without holding that it was necessary to make an offer of manual delivery of the stock and tools in the meat shop, it was incumbent upon the appellants to at least accompany the key to the building with an invoice, and allow respondent an opportunity to check up the list and ascertain what was there." See also *Moore* v. *Beech Co.*, 221 Ill. App. 609. Our holding in the case at bar is not contrary to the general principles laid down in the cases cited to us by the defendants.

We find, therefore, that the evidence before us establishes that there has been a breach of the conditions of the replevin bond given by the defendant Assad Michael to the present plaintiff, which bond is the basis of the instant case.. The ruling of the trial justice in refusing to direct a verdict for the defendants and in directing a verdict for the plaintiff for the penal sum of the bond was correct.

The defendants' exceptions are overruled, and the case is remitted to the superior court for the entry of judgment for the plaintiff on the verdict as directed.

*Aram A. Arabian, Benjamin Cianciarulo, Arabian, Gonnella & Barad,* for plaintiff.

*Frank H. Wildes,* for defendant.