FRANCIS L. MCGOVERN, *D. S. vs.* ASSAD MICHAEL *et al.*

JUNE 6, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. These are proceedings to chancerize a replevin bond in an action of debt on such a bond. A justice of the superior court, sitting without a jury, found for the plaintiff in the sum of $3000, the full penal sum of the bond. The defendants' exceptions to that decision are before us now.

On April 25, 1930, the plaintiff, a deputy sheriff of Providence county, acting under a writ of attachment issued in that county by Harry Jacobs against Peter Michael, attached as the property of the latter a stock of merchandise, consisting of many and varied articles of dry goods, in a store on Balbo avenue in the city of Providence. Judgment for the plaintiff was entered in that action on March 14, 1932 for $2153.07, which, with accrued interest, amounted to over $3000 at the time of the hearing in the superior court in the instant case.

The merchandise which had been attached by virtue of the Jacobs writ on April 25, 1930, was replevied by Assad Michael as his property on the following day. The writ of replevin set the value of the personal property under attachment at $1500, and the bond given in connection with that writ was in the amount of $3000, in accordance with the statute. This replevin action proceeded to trial in the superior court and a directed verdict for the then defendant McGovern was sustained by this court. Judgment for the return and restoration of the goods replevied, ten cents damages and costs was thereafter entered. *Michael* v. *McGovern,* 56 R. I. 133. The replevied goods were not returned.

Later, by writ dated April 21, 1936, the present action of debt on bond was brought, in which action these defendants claimed in a defense that their offer of return and restoration had been unjustifiably refused by the plaintiff. In this case the superior court directed a verdict for the plaintiff and such ruling was later sustained by this court. *McGovern* v. *Michael* 60 R. I. 119, 200 A. 423. The bond was

then chancerized, resulting in the decision that is now before us for review.

The defendants, under their exceptions, urge two contentions against the decision of the trial justice: first, that McGovern, who was the only witness for the plaintiff to testify to the market value of the merchandise, was not qualified to give such testimony; and, second, that, even if qualified, his testimony on the question of market value was so vague and indefinite that it amounted to nothing more than mere conjecture. We will consider these contentions in the order stated.

The merchandise which was attached in April 1930 consisted of numerous articles of wearing apparel and household goods, such as dresses for women and children, laces and women's head coverings of that material, shawls, sheets, pillow cases and many other items of a similar nature, as well as many smaller articles that are commonly known as "notions". The plaintiff, who had never traded in such kinds of merchandise, was permitted to give his opinion of the aggregate market value of this personal property over the defendants' objection to his lack of proper qualification.

The evidence relating to the qualifications of this witness as one competent to testify to the market value of the merchandise in question was as follows. Before becoming a deputy sheriff, which office he had held for some eleven years at the time of the hearing in the instant case, on October 31, 1938, McGovern had been a police officer of the city of Providence for some eleven years. He testified that in his capacity of deputy sheriff he had attached over one hundred "dry goods stores", two or three of which carried the same line of goods as that of the defendants; that he had sold out these two or three stores at auction after he had first ascertained the probable market value of their contents, based upon inventory, from "people who bought and appraised them"; that he had seen articles of merchandise similar to those of the defendants in other stores and

that he had himself purchased some of them. Upon these generalities the trial justice ruled that McGovern was a competent witness to the market value of the many and varied articles involved in these proceedings.

The market value of personal property is to be ascertained by a court or jury, in the exercise of sound discretion, upon proper evidence. The ends of justice are not to be defeated by requiring strict and mathematical proof, but there must be reliable evidence from which such value may be ascertained with a reasonable degree of certainty. Market value may be proved by the testimony of persons who possess knowledge of such value beyond what is possessed by men generally.

We agree with the plaintiff that it is not necessary to resort to expert testimony in all instances and that a person who is not an expert witness within the meaning of that term may possess special knowledge of a matter, which he has acquired by experience. But before such a person can be held to have the special knowledge that will permit him to give opinion evidence, there must be reasonably definite proof of his alleged experience tending to show with some degree of certainty that the special knowledge claimed rests on facts rather than on mere assumption. See *Williams* v. *Hathaway*, 21 R. I. 566; *Buffum* v. *The New York and Boston Railroad Co.*, 4 R. I. 221. Opinion evidence of this character is admissible when it reasonably appears that the witness's knowledge of the matter in issue is so far superior to that of men in general that his opinion will probably aid in reaching a just conclusion.

In the instant case it is more than doubtful under the above cases whether McGovern was a competent witness on the issue of market value. McGovern's testimony of his experience in the valuation of dry goods is altogether too general and vague to furnish a reasonably reliable basis for opinion evidence on that issue.

In attaching some one hundred "dry goods stores", he was primarily, if not entirely, concerned with the proper service of legal process and not with the market value of the goods therein contained. In this connection it is worth noting that when he sold two or three dry goods stores at auction, he first inquired as to the market value of their contents from "people who bought and appraised them", and that in no such instance did he rely on his own opinion of such value. In the instant case we find the following pertinent question and answer in his direct examination: Q. "As a result of your attachment of dry goods stores, did you know the market value of goods at the time? A. Well, I couldn't really say I knew the market value but I had a very good idea of bulk, and of what the bulk would average in a store of that size, from attaching other stores."

The other alleged grounds of qualification, namely, that he had seen merchandise of a similar character in other stores and that he had himself purchased some unidentified articles of such merchandise, are but what any ordinary person has seen or done at some time or other. In our opinion, there is nothing in his testimony to suggest that he had any special knowledge of the market value of dry goods.

The plaintiff strongly urges that the competency of a witness called to express an opinion of market value is a matter primarily within the discretion of the trial justice and that his ruling in this respect will not be disturbed by this court unless such ruling is palpably and grossly wrong. This is a correct statement of the law. *Combination Fountain Co.* v. *Millard*, 50 R. I. 50, 52. But even if we assume that there was no abuse of discretion in permitting McGovern to testify as an expert on market value, still the decision of the trial justice cannot be sustained by us. McGovern's opinion of the aggregate market value of the goods in question is too speculative in character to accord it any weight.

It is to be observed that McGovern attached these goods in 1930, and that he was testifying to their kinds and quantities in 1938 from mere recollection. An opinion of market value must be founded on facts and not conjecture. Where there is substantially no evidence upon which to base such an opinion, then no opinion can be given, however competent the witness may be.

McGovern's opinion of market value in the instant case rests on mere generalities. His testimony describes the kind of goods in Michael's store in general terms, such as dresses, shawls, laces, sheets and towels, but in no instance does it specify, even approximately, the quantity or the quality of any single article of merchandise in that store. On this latter point he testified that there were large cartons "packed full of goods" in front of and to the left of the counters; that the counters had "piles of goods", and that the shelves of the store were "full of stock".

The superficial character of his testimony is clearly illustrated by the answers he gave in cross-examination as to the contents of the cartons. Asked if he knew what they contained except from what he saw on top, his answers were: "No, I don't know, but I would use common sense . . . . There was no reason for it to be a bluff. They were heavy cartons piled full of dry goods . . . . I estimated the value from the bulk."

From this kind of testimony, the trial justice permitted McGovern to testify that in his opinion the aggregate market value of the goods in Michael's store was $10,000. We are of the opinion that this was prejudicial error. An examination of all the evidence on this point convinces us that McGovern's testimony left the vital issue of market value in the realm of conjecture and not of fact; and recovery cannot be based on conjecture.

Eliminating McGovern's testimony of market value, the question that arises is whether there is any competent and reliable evidence in the record before us that will support a

verdict for the plaintiff in any amount, and, if so, what is that amount? There is testimony from the defendant Michael that, according to an alleged inventory, which is in evidence, the goods in his store had a market value of $1215.75. This inventory is said to have been compiled by him in November or December 1936, just prior to the trial of this case in that year. The sources of the information that it contains are obscure and uncertain.

In his decision, the trial justice, in the following language, practically rejected Michael's testimony: "I am not going to dwell on the testimony of Michael to any great extent. He was a vitally interested party. He was not a convincing witness to the court. He was involved in contradictions to a large degree . . . ." From our examination of Michael's testimony we cannot say that the trial justice was clearly wrong in rejecting Michael's testimony. The testimony of Michael being thus eliminated and we having eliminated the testimony of McGovern, there is no direct testimony of market value on either side.

There is, however, some evidence of market value left in the case. The bond in suit fixes the value of the personal property that was replevied by Michael at $1500. In *Chernick* v. *National Surety Co.,* 50 R. I. 419, the point at issue was whether the obligor and the surety or sureties on a replevin bond were conclusively bound by the statement of value in such bond. This court, after discussing the conflict in the authorities on this point, held that such statement of value was *prima facie* evidence of value, and that the surety's evidence of *lesser* value than that stated in the bond should have been considered by the trial justice.

If the present plaintiff, the defendant in replevin, deemed the original valuation of the property in the instant case too low, he had the right, under G. L. 1923, chap. 387, sec. 4, to appeal to the court to increase the bond. See *Chernick* v. *National Surety Co., supra,* at page 422. This statute provides that in case the defendant (in replevin) shall "at any

time *pending the writ of replevin* be dissatisfied with the *amount* of the sureties . . . the court before which the same shall be pending may, on his motion and for cause shown, in their discretion order the plaintiff to give further bond . . . and if the plaintiff do not comply with such order, his action shall be dismissed . . . ." (italics ours)

The evident purposes of this statute are first, to protect a defendant in replevin against too low a valuation of the property replevied; and second, to set a definite valuation for such property beyond which a surety or sureties on the replevin bond cannot be held liable, as far as the valuation of the property is concerned, in proceedings on the replevin bond that might follow the final determination of the replevin action. Unless a motion is made by a defendant in replevin "pending the writ of replevin", that is, before the termination of the replevin action, such defendant waives the benefit of the statute, and must thereafter rest content with the valuation of the property fixed in the replevin bond as the outside limit of valuation that he may rely upon in an action on the bond. The general provisions of G. L. 1923, chap. 344, in so far as they refer to recovery on bonds generally, do not affect the specific provisions of G. L. 1923, chap. 387, sec. 4, which control in an action of replevin, or on the bond given in connection therewith.

The valuation of $1500 recited in the bond in the instant case is *prima facie* evidence of market value. Such evidence is not a presumption but legal evidence, which, though standing alone, is sufficient to support a verdict or decision unless overcome by competent and credible evidence. *Hill* v. *Cabral,* 62 R. I. 11, 2 A 2d. 482. In the absence of such evidence showing a lesser value, the market value of the property involved in this case can fairly be fixed at $1500. No damage for detention of the property appearing in evidence, the plaintiff, in the circumstances now before us, is entitled to a decision for $1500, ten cents damages and costs.

The defendants' exceptions to the decision of the trial

justice are sustained. The case is remitted to the superior court for a new trial, unless the plaintiff, on or before June 23, 1939, shall file in the office of the clerk of the superior court a remittitur of all the amount of said decision in excess of $1500, ten cents damages and costs. In case the plaintiff shall file such remittitur, the superior court is directed to enter judgment for the plaintiff on the decision as reduced by the remittitur.

*Benjamin Cianciarulo, Aram A. Arabian,* for plaintiff.

*Frank H. Wildes, Thomas J. Paolino, George Ajootian,* for defendants.