Ludlow Cooperative Elevator Company, Appellant, v. Norris Burkland and A. B. Scoffield, Appellees.

Gen. No. 9,643.

Opinion filed May 26, 1949. Rehearing denied and opinion modified August 17, 1949. Released for publication August 17, 1949.

NOEL & APPLEMAN, of Urbana, for appellant; JOHN ALAN APPLEMAN, of Urbana, of counsel.

DOBBINS, DOBBINS & FRAKER, of Champaign, for appellees.

MR. PRESIDING JUSTICE DADY delivered the opinion of the court.

Plaintiff appellant, Ludlow Cooperative Elevator Company, an Illinois corporation, brought this suit for damages alleged to have arisen out of the breach by defendants appellees, Norris Burkland and A. B. Scoffield, of an oral contract for the sale and delivery of corn by defendants to plaintiff.

The case was tried by the court without a jury. The trial court entered judgment for defendants. Plaintiff appeals from such judgment.

Plaintiff has its office and elevator at Ludlow, Illinois. Defendant Burkland is a farmer, and defendant Scoffield is his landlord. Their farm is located about four miles from Ludlow.

On February 12, 1947, by means of a telephone conversation between Burkland and Adrian Johnson, as an agent of plaintiff, Burkland, for himself and Scoffield, agreed to sell and deliver to plaintiff, and plaintiff agreed to buy, 2500 bushels of shelled corn at $1.25 per bushel.

The only dispute as to the terms of such contract is with reference to when delivery was to be made,—plaintiff contending that the agreement called for delivery within 30 to 60 days, and defendants contending that delivery was to be made within 30 days. For the purpose of this opinion we will assume that plaintiff's contention as to the time of delivery is correct.

On April 4, 1947, plaintiff wrote defendants: "We can now accept delivery" of the corn. Delivery was not made.

Defendants, as a defense, have pleaded section 4 of our Sales Act, ch. 121½, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 121.08], and contend that by reason of such section the plaintiff is barred from maintaining this action.

Section 4 of the Sales Act, so far as is material, reads as follows:

"Statute of frauds.)  Sec. 4.  (1) A contract to sell or a sale of any goods  . . .  of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods . . . so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf.

"(2) The provisions of this section apply to every such contract or sale, notwithstanding that the goods may be intended to be delivered at some future time. . . .

"(3) There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods."

Plaintiff contends that by reason of the fact that defendants intended and agreed to sell and deliver to plaintiff, and plaintiff intended and agreed to purchase the corn, and the fact that within the 60 days provided by the agreement plaintiff notified defendants to deliver the corn, plaintiff thereby accepted and became the actual owner of the corn, and defendants became bailees thereof, with a lien thereon for the payment of the purchase price on delivery.  In support of such contention plaintiff calls attention to subparagraph 3

above quoted and other sections of the Sales Act, and cites such cases as *Barrow v. Window,* 71 Ill. 214, which hold that under the common law delivery is not a condition precedent to the passage of title to personal property, and that an agreement to sell an article by weight or measure, when the article is identified and the price agreed upon, may be a complete sale if the parties intended it as such, although the article sold is not weighed or measured, and *Commonwealth Title Insurance & Trust Co. v. Gregson,* 303 Ill. 458, wherein it is said that our Sales Act has not changed the common law in this respect.

· ▉ Plaintiff then contends that by reason of such facts it follows that the contract in question was either not within the statute of frauds or that the statute of frauds was satisfied. No authority is cited in support of such last contention. The undisputed facts show that plaintiff never did "actually receive" any part of the corn and did not give anything "in earnest or bind the contract, or in part payment," and that no "note or memorandum in writing of the contract or sale" was ever signed by either party or any agent of either party,—as specifically required by the statute. It is our opinion that such contention of plaintiff is without merit for the reason that the first paragraph of section 4 above quoted, in clear unmistakable language expressly states that not only a "contract to sell" but a "sale" under the admitted facts, at hand, "shall not be enforcible." (See *West v. Kenney,* 220 Ill. App. 49; *Chicago Metal Refining Co. v. Jerome Trading Co.,* 218 Ill. App. 333; *Illinois Meat Co. v. American Malt & Grain Co.,* 229 Ill. App. 311; *Johnston Mfg. Co. v. Hamilton Glass Co.,* 261 Ill. App. 308.)

Plaintiff next contends that defendants are estopped from setting up the statute of frauds as a defense because the effect would be to perpetrate a fraud on plaintiff.

That one may be estopped under certain circumstances from asserting the statute of frauds as a defense is clearly established in this State. (*Cross v. Weare Commission Co.,* 153 Ill. 499, 516.) The burden of establishing an estoppel is on the one who asserts it. (*Svalina v. Saravana,* 341 Ill. 236.) The moral wrong of refusing to be bound by an agreement because such agreement does not comply with the statute of frauds does not authorize the application of the doctrine of equitable estoppel. (*Lowenberg v. Booth,* 330 Ill. 548, 557.) "If it were, the statute would be rendered entirely nugatory." (*Uden v. Patterson,* 252 Ill. 335, 339.)

The fact that, until after this suit was commenced, defendants failed to assert the Statute of Frauds as their reason for nonperformance does not estop them from doing so. "The party sought to be charged on an oral contract is under no obligation to raise the question of want of writing until the other party seeks the aid of a court to enforce the contract." (*Stein v. McKinney,* 313 Ill. 84, 91.)

In *Lowenberg v. Booth,* 330 Ill. 548, 555, the court said: "In order to invoke the principle of equitable estoppel six elements must appear: (1) Words or conduct by the party against whom the estoppel is alleged amounting to a misrepresentation or concealment of material facts; (2) the party against whom the estoppel is alleged must have knowledge, either actual or implied, at the time the representations were made, that they were untrue; (3) the truth respecting the representations so made must be unknown to the party claiming the benefit of the estoppel at the time they were made and at the time they were acted on by him; (4) the party estopped must intend or expect that his conduct or representations will be acted on by the party asserting the estoppel or by the public generally; (5) the representations or conduct must have been relied and acted on by the party claiming the benefit of

the estoppel; and (6) the party claiming the benefit of the estoppel must have so acted, because of such representations or conduct, that he would be prejudiced if the first party is permitted to deny the truth thereof.''

Witnesses for the plaintiff testified that on February 13, 1947, the plaintiff resold this corn to Illinois Grain Co. under a written contract. Plaintiff first learned in June 1947, that defendants had resold the corn to a competitor of plaintiff. To fulfill its contract with the Illinois Grain Co. the plaintiff then purchased other corn at a higher price, thereby sustaining a loss of $2,005, which is the basis of this suit.

There is no proof whatever in the record that at the time of the making of the contract sued on, or at any time until after the resale had been made, either of the defendants knew that the plaintiff would resell or obligate itself to resell the corn before it was delivered. Johnson, as a witness for the plaintiff, and Burkland both testified that in such telephone conversation nothing was said about any reselling of the corn. Plaintiff contends that at the time of such telephone conversation Burkland should have known that plaintiff would resell in reliance upon such oral agreement. Of course it can be said that Burkland could be presumed to have known that plaintiff would resell at some future time. It is our opinion that such presumption would not justify any presumption that at the time of entering into the oral contract Burkland should have known that the plaintiff would obligate itself to resell in reliance on the oral agreement.

The plaintiff's witnesses testified that it had long been and was the custom of plaintiff to resell grain purchased by it as soon as practicable, and not to speculate by holding the grain. There was no evidence indicating that either of the defendants knew of such custom of the plaintiff, and there was no proof tending to show that such custom was general or followed by any other

elevator. On the contrary the operator of a competing elevator in Ludlow testified that he had no set rule regarding the resale of grain purchased by him, but that his reselling depended on the market.

It is argued that Burkland was silent when he should have spoken in that sometime between March 11 and March 30, Hoerner, plaintiff's manager, told Burkland that the plaintiff could take the corn whenever Burkland could shell and deliver it, that Burkland then said, "I want to know if I have to deliver the corn," that Hoerner then told Burkland that plaintiff had sold the corn because it was plaintiff's custom to buy corn and sell it in order to protect itself, and that Burkland then said he hated to deliver it when it was worth more money at that time and then left, but that nothing was then said as to when Burkland would deliver. This conversation took place before the defendants sold the corn elsewhere but after the agreement to sell was made and after plaintiff had resold the corn. Therefore it cannot be well said that at the time of obligating itself to resell the corn the plaintiff placed any reliance on or changed its position because of the March conversation.

Applying to the facts in the present case the requirements set forth in *Lowenberg v. Booth, supra*, it is our opinion that it does not appear, actually or by implication, that in the making of the oral agreement. or at any other time, either of the defendants made any misrepresentation or concealment of any material fact whatever, and that therefore the defendants are not estopped from asserting the statute of frauds as a defense.

The judgment of the trial court is affirmed.

*Affirmed.*