Cecil R. Ozier, Gleena Ozier and Jean G. Appleman, Co-partners, Trading as White Heath Grain and Supply Company, Plaintiffs-Appellants, v. George Haines, Defendant-Appellee.

### Gen. No. 9,768.

Opinion filed May 31, 1951. Released for publication June 26, 1951.

JOHN ALAN APPLEMAN, of Urbana, for appellants.

ROBERT P. SHONKWILER, of Monticello, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiffs filed complaint in the circuit court of Piatt county, which alleged in substance that the plaintiffs operated a grain elevator, that the defendant was a farmer who came to the elevator and verbally sold plaintiffs 5,000 bushels of corn for $1.24 per bushel. While the defendant was in the office, the plaintiffs, relying upon the contract of sale, called a grain broker on the telephone and resold the grain. The complaint alleged that the defendant knew that the plaintiffs resold the grain, and knew that the plaintiffs resold the grain in reliance upon the defendant's agreement, and that the defendant is estopped to defend against his acts, representations and contract.

The complaint further alleged that it was the custom of the trade, which custom was well known by all the parties and relied upon by them, to buy and sell grain upon verbal contracts, and for the purchasing elevator company to resell said grain to grain brokers immediately upon such verbal sale being made.

Thereafter the defendant refused to deliver the corn and the plaintiffs had to purchase corn on the open market at a higher price and bring this suit to recover the difference in price at which the corn was purchased on the open market and the price at which the defendant had agreed to sell to plaintiffs.

Defendants filed a motion to dismiss, which trial court granted. The plaintiffs elected to stand by the complaint and a final judgment was entered for the defendant. Plaintiffs appeal from this ruling of the trial court.

The defendant in his motion pleaded the statute of frauds. Plaintiffs contend that the defendant is estopped from relying on the statute.

A situation similar to this was before this court in the case of *Ludlow Co-operative Elevator Company v. Burkland,* 338 Ill. App. 255. In that case we held that the statute of frauds, as set forth in Section 4 of our Sales Act, Chap. 121½, Ill. Rev. Stat. 1949, [Jones Ill. Stats. Ann. 121.08], was a good defense and the plaintiff could not recover. We recognized that one may be estopped under certain circumstances from asserting the statute of frauds, but pointed out that the moral wrong of refusing to be bound by an agreement because such an agreement does not comply with the statute of frauds, does not authorize the application of the doctrine of equitable estoppel.

The section of the Sales Act quoted in the *Ludlow* case, *supra,* is still in force and unchanged (Chap. 121½, Ill. Rev. Stat. 1949, Sec. 4).

Our Supreme Court laid down the rule in *Lowenberg v. Booth,* 330 Ill. 548, that in order to invoke the

402

principle of equitable estoppel six elements must appear, the first of which is:

"words or conduct by the party against whom the estoppel is alleged amounting to a misrepresentation or concealment of material facts."

██ We cannot find a misrepresentation or concealment of material facts by the defendant. Promises as to future action are not misrepresentations of existing facts. Action taken in reliance on such promises, as distinguished from action taken in reliance on a misrepresentation of existing facts, cannot raise an estoppel. While it is true that equity will not allow the statute of frauds to be a shield to shelter a fraud, the breach of a promise which the law does not regard as binding, is not a fraud. There does appear to be a moral wrong, but if we attempted to right this moral wrong under these conditions, the statute would be rendered nugatory. The plaintiffs are presumed to know the law, and they could easily have protected themselves by making a part payment on the contract, or by preparing a written memorandum of the contract.

██ Plaintiffs seek to distinguish the *Ludlow* case, *supra,* on the grounds that in this case, it is alleged, and must be taken as a fact, for the purposes of this decision, that the defendant knew that the plaintiffs resold grain and knew that the plaintiffs resold the grain in reliance upon the defendant's contract. They also allege that it was the custom to buy and resell upon the strength of oral contracts. Custom cannot render nugatory the provision of the statute of frauds. The difficulty with plaintiff's position is that the defendant's promise to sell did not constitute the misrepresentation of an existing fact, and so the doctrine of equitable estoppel as laid down in *Lowenberg v. Booth, supra,* cannot come into operation.

We did comment in the *Ludlow* case, *supra,* on the lack of proof that the defendant knew that the plaintiffs did resell the corn and we commented on the lack

of proof with reference to the defendant's knowledge of the custom of the plaintiff to resell corn. It is true that the complaint alleges those facts in this case, but we did not state in the *Ludlow* case, *supra,* that if those facts had been present, our decision would have been different.

■ We feel that we must adhere to our opinion in the *Ludlow* case, *supra,* and the following statement set forth on page 262 of that opinion is applicable here:

"Applying to the facts in the present case the requirements set forth in *Lowenberg v. Booth, supra,* it is our opinion that it does not appear, actually or by implication, that in the making of the oral agreement, or at any other time, either of the defendants made any misrepresentation or concealment of any material fact whatever, and that therefore the defendants are not estopped from asserting the statute of frauds as a defense."

We have carefully examined all the cases cited by the plaintiffs. No one of them sustains the position taken by the plaintiffs here. It may well be that this section of the statute is an anachronism, but this argument should be addressed to the legislature and not to this court.

The judgment of the trial court is affirmed.

*Affirmed.*